UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-MJ-8519-BER

UNITED STATES OF AMERICA

vs.

WALTER BROOMS,

        Defendant.

# CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?

   _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?  _____ Yes __X__ No

        Respectfully submitted,

        JUAN ANTONIO GONZALEZ
        UNITED STATES ATTORNEY

By: *Lara Treinis Gatz*
     Lara Treinis Gatz
     Assistant United States Attorney
     Southern District of Florida
     Court ID No. A5502857
     500 S. Australian Avenue – 4th Floor
     West Palm Beach, Florida 22401
     lara.gatz@usdoj.gov
     (561) 209-1069

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| WALTER BROOMS, | ) Case No. |
| | ) 22-MJ-8519-BER |
| | ) |
| | ) |
| Defendant(s) | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 24, 2022__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 922(g) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

FILED BY ___TM___ D.C.

Nov 18, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

☑ Continued on the attached sheet.

_____
Complainant's signature

SA DANIEL J. SZCZEPANSKI, FBI
Printed name and title

Sworn to before me and signed in my presence.

Date: 11/18/2022

_____
Judge's signature

City and state: West Palm Beach, Florida

BRUCE E. REINHART, USMJ
Printed name and title

LTG

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
**UNITED STATES OF AMERICA**

**COMPLAINT**

- against -

Case No. 22-MJ-8519-BER

**WALTER BROOMS,**

**Defendant.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

I, **DANIEL J. SZCZEPANSKI**, being duly sworn, deposes and states:

## INTRODUCTION

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") duly appointed according to law and acting as such. I am currently assigned to the Violent Crimes and Major Offender Squad of the Palm Beach County Resident Agency and have been since January 2006.

2. The facts contained in this affidavit are based in part on my first-hand knowledge, and in part on information obtained from other law enforcement personnel, reports prepared by other law enforcement personnel, criminal history reports and statements made by the defendant. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of this criminal Complaint, it does not include all facts known to me or to other law enforcement officers regarding this investigation.

## PROBABLE CAUSE

3. On June 24, 2022, state and federal law enforcement were at present at 14543 Horseshoe Trace, Wellington, Florida, (the "Residence") to execute a federal search warrant of the Residence. The defendant WALTER BROOMS, along with others, was found inside of the

1

Residence, removed from the Residence and then detained while the search was underway. During the search, the defendant BROOMS asked Your Affiant, in sum and substance, if he would be able to get his property from inside of the Residence. Your Affiant inquired which property defendant BROOMS was referring to, and defendant BROOMS replied, in sums and substance, the Adidas bag that's in the middle room (the Bag"). Defendant BROOMS further indicated that the Bag contained keys, airpods and a wallet. Your Affiant went back into the house to the room described by the defendant BROOMS and learned that the Bag had been searched during the execution of the search warrant and that a firearm had been discovered in the Bag. The firearm was determined to be a Glock Model 20 semi-auto pistol (the "Glock"), with a loaded magazine and one live round in the chamber.



4.     Your Affiant then took a photograph of the Bag (not the one pictured above) and showed it to the defendant BROOMS who identified the Bag as his. Defendant Brooms was asked about the firearm inside of the Bag and defendant BROOMS indicated that the gun was his, was "clean" and that he got it from a friend, but would not provide that person's name.

2

Your affiant asked defendant BROOME if he was a convicted felon and he responded no. Defendant Brooms then elaborated by saying that he was recently released from jail after being acquitted in a murder case.

5. Then, I conducted a records check to ascertain if defendant BROOMS had any felony convictions. A review of the defendant BROOMS criminal history at that time did not reveal any felony convictions, as such, BROOMS was released.

6. Recently, I have learned that, on the day the search warrant was executed, the defendant was in Court before coming to the Residence and while in Court pled guilty to a felony charge. More particulatly, on June 24, 2022, at approximately 8:30 a.m., the defendant BROOMS was in Circuit Court of the 15th Judicual Circuit where he was sworn in, advised of his rights and then pled guilty to the charge of Introduction of Contraband into a Facility – a 3rd Degree Felony. Immeditely after the plea, the defendant BROOMS was adjudicated a felon, rending him a prohibited person from possessing a firearm.

7. Finally, an expert with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") who has received extensive training in the manufacture of firearms and ammunition determined that the Glock was manufactured outside the State of Florida, and therefore traveled in and affected interstate and/or foreign commerce

## CONCLUSION

8. Based on the foregoing, I submit that there is probable cause to believe that the defendant knowing that he had been previously convicted in a court of a crime punishable by

a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting interstate or foreign commerce a firearm.

FURTHER YOUR AFFIANT SAITH NAUGHT.

_____
DANIEL J. SZCZEPANSKI
SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION

Sworn to and subscribed before me this 18th day of November 2022

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: **WALTER BROOMS**

Docket No: 22-MJ-8619-BER

Charge: Felon in Possession of a Firearm - Title 18, United States Code, Section 922(g)

*Max. Penalty: 10 Years' Incarceration, 3 years Supervised Release, $100 Special Assessment

*Refers only to possible term of incarceration, fines, special assessments, does not include possible restitution, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: **22-MJ-8519-BER**

**BOND RECOMMENDATION**

DEFENDANT: **WALTER BROOMS**
**PRETRIAL DETENTION**

(Personal Surety)(Corporate Surety) (Cash) (**Pretrial Detention**)

By: *Lara Treinis Gatz*
LARA TREINIS GATZ
ASSISTANT U.S. ATTORNEY

Last Known Address: (

What Facility:

Agent(s):   FBI SA DANIEL J. SZCZEPANSKI
(**FBI**)(SECRET SERVICE)(DEA)(IRS)(ICE)(OTHER)